UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAINE MARSH,

                *Plaintiff*,

-against-                19-cv-06349 (ALC)

                            **OPINION & ORDER**

COMMISSIONER
 OF SOCIAL SECURITY,

              *Defendant.*

**ANDREW L. CARTER, JR., District Judge:**

      Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412. ECF No. 17. On July 9, 2019, Plaintiff filed the instant action against Defendant Commissioner of the Social Security Administration, appealing a final administrative determination by Defendant. On November 5, 2019, the parties filed a proposed stipulation and order reversing the Commissioner's decision and remanding the case to the Commissioner of Social Security, which was so ordered by this Court on November 6, 2019. ECF Nos. 12-13. The Clerk of Court entered judgment remanding the case on November 6, 2019. ECF No. 13. On December 4, 2019, Plaintiff filed a proposed stipulation and order agreeing to the payment of attorney's fees and expenses by the Commissioner of Social Security pursuant to EAJA in the amount of $353.16, which was so ordered by this Court on December 5, 2019. ECF Nos. 15-16. On April 1. 2021, the Social Security Administration notified Plaintiff of past-due benefits payable to him totaling $171,130.00, 25 percent of which ($42,782.50) was withheld in order to pay attorney's fees. ECF No. 18, Charles E. Binder Declaration, ¶ 14 ("Binder Decl."); ECF No. 18-1, Ex. C. On April 15, 2021, Plaintiff's attorney filed the instant motion for fees pursuant to 42 U.S.C. §406(b) seeking an award of $2,720.00 for 1.70 hours of

1

work, to which Defendant responded on May 28, 2021. ECF Nos. 17, 22. For the following reasons, Plaintiff's attorney's motion for fees is **PARTIALLY GRANTED**.

42 U.S.C. § 406(b) was designed to control, but not displace fee agreements between Social Security benefits claimants and their counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). § 406(b) provides that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented. . . by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.

42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. In determining whether the fee sought is reasonable, the court should first look to the contingent-fee agreement and then test it for reasonableness. *Id.* at 808. Courts in this District have considered the following factors in determining whether a contingent-fee agreement is reasonable:

> (a) the character of the representation and the results achieved, (b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, (c) whether there was fraud or overreaching in the making of the contingency agreement; and (d) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

*Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496(KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023). When analyzing a potential windfall:

> [C]ourts must consider "more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Specifically, courts should also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what

2

> less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-855.

*Id.* "A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Fields*, 24 F.4th at 856. Additionally, courts consider whether there was fraud or overreaching in making the agreement and whether the amount requested is within the 25 percent statutory cap. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Under § 406(b), fees are payable only out of the benefits recovered and "attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits." *Gisbrecht*, 535 U.S. at 792, 795. Thus, even though attorney's fees may be awarded pursuant to EAJA and §406(b), the attorney must refund the smaller fee to the claimant. *Id.* at 796. In other words, it is improper to offset the attorney's fees due pursuant to § 406(b) against fees awarded pursuant to EAJA or vice versa. *See id.*; *see also Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

Here, Plaintiff's counsel seeks a *de facto* hourly rate of approximately $1,600.00 an hour ($2,720.00 divided by the 1.70 hours counsel spent working on the case in federal court). Plaintiff's request for fees was filed timely, within 17 days of the notice of award. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019).

In this case, Plaintiff's *de facto* hourly rate of approximately $1,600.00 an hour is high. The Court finds the factors in this case warrant a slight downward adjustment. There is no question that Plaintiff's counsel has significant expertise in Social Security disability cases and was efficient. The Court notes that counsel did not represent Ms. Marsh until the instant action. *Munoz*, 2023 WL 5310742, at *3. Ms. Marsh applied for Social Security Disability benefits on

3

February 20, 2013, with an onset of disability of July 1, 2011, and on December 30, 2015, commenced an action *pro se* to appeal the Administrative Law Judge's July 17, 2014 finding that she was not disabled. Binder Decl. ¶¶ 1-3. Counsel represented Ms. Marsh since July 2018, and she was not awarded benefits until April 1, 2021. Unlike in *Fields*, counsel did not have a lengthy professional relationship with the claimant, prior to the appeal, at the agency level. 24 F.4th at 855; *see also Munoz*, 2023 WL 5310742, at *3 (applying downward adjustment). As such, the Court finds that a reduction in fees is justified.

Third, "the record contains no indication that [Plaintiff] . . . objects to the fee award." *Fields*, 24 F.4th at 855. Counsel's efforts "were particularly successful" and she "stands to receive a six-figure award of past-due benefits as well as ongoing monthly benefits[.]" *Id*. Plaintiff received a very favorable outcome. Finally, given Plaintiff's numerous appeals, it was uncertain if Ms. Marsh would prevail in receiving benefits.

The Court finds that the contingent-fee agreement and attorney fee amount requested are unreasonable under the circumstances. A slight downward adjustment is warranted, which results in a fee amount of $2,420.00.

Upon due consideration, it is **ORDERED**: Plaintiff's attorney's motion for fees in the amount of $2,720.00 is **PARTIALLY GRANTED** – counsel is awarded **$2,420.00** in attorneys' fees to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past due benefits. Within five business days of receipt of the § 406(b) fees, Plaintiff's attorney is hereby **ORDERED** to directly refund the $353.16 in attorney's fees awarded pursuant to EAJA to Plaintiff, and file a declaration stating such on the docket.

The Clerk of Court is directed to terminate ECF No. 17.

**SO ORDERED.**

**Dated:** **March 12, 2024**
           **New York, New York**
                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**